# In the United States Court of Federal Claims

No. 10-397 C
(Filed: February 28, 2012)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| WAYNE A. ROBINSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

    Jason E. Perry, Law Office of Jason Perry, Cheshire, Conn., for plaintiff.

    Jessica A. Toplin, Trial Attorney, Steven J. Gillingham, Assistant Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  Captain John Geohring, Air Force Civil Litigation, Arlington, Va., of counsel.

## OPINION AND ORDER ON RECONSIDERATION

GEORGE W. MILLER, Judge

    The Court issued an Opinion and Order in the above-captioned case on September 23, 2011 (docket entry 33).  *See Robinson v. United States*, No. 10-397, 2011 WL 4437715 (Fed. Cl. Sept. 23, 2011).  In that Opinion and Order, the Court denied defendant's motion to dismiss for failure to state a justiciable claim.  With respect to the merits, the Court denied plaintiff's motion for judgment on the administrative record and granted defendant's motion for judgment on the administrative record.  The Court determined that plaintiff did not meet his burden to demonstrate that the Air Force abused its discretion, or acted arbitrarily, capriciously, without substantial evidence, or contrary to law when the Air Force determined that plaintiff was ineligible for further medical continuation status, a determination that resulted in the expiration of plaintiff's active duty status in the Air National Guard.[1]  On October 21, 2011, plaintiff filed a motion for reconsideration pursuant to Rule 59 of the Rules of the Court of Federal Claims ("RCFC") (docket entry 35).  On October 24, 2011, the Court ordered defendant to file a response to plaintiff's motion (docket entry 36), and defendant filed its response on November 8, 2011 (docket entry 37).

---

[1] The facts of this case are set out in the Court's September 23, 2011 Opinion and Order.  *See Robinson*, 2011 WL 4437715, at *1–3.

**I.     Standard of Review**

Pursuant to RCFC 59(a), the court may reconsider a prior ruling (1) "for any reason for which a new trial has heretofore been granted in an action at law in federal court"; (2) "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court"; and (3) "upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a).  The decision to grant a motion for reconsideration is within the court's discretion.  *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

A decision to reconsider a final order[2] "must be based 'upon manifest error of law, or mistake of fact.'"  *Prati v. United States*, 82 Fed. Cl. 373, 376 (2008) (quoting *Fru-Con Constr. Corp. v. United States,* 44 Fed. Cl. 298, 300 (1999)) (internal quotation marks omitted).  Thus, in order for Mr. Robinson to prevail on his motion for reconsideration, he must demonstrate that (1) "an intervening change in the controlling law" has occurred, (2) newly discovered evidence exists, or (3) "a need to correct clear factual or legal error or prevent manifest injustice" is present.  *Young v. United States*, 94 Fed. Cl. 671, 674 (2010).  With respect to the third showing, "manifest injustice" has been categorized as "injustice that is apparent almost to the point of being indisputable."  *Bowling v. United States*, 93 Fed. Cl. 551, 562 (2010) (quoting *Pac. Gas & Elec. Co. v. United States,* 74 Fed. Cl. 779, 785 (2006)) (internal quotation marks omitted).

Reconsideration is not an avenue to provide "an unhappy litigant an additional chance to sway the court."  *Prati*, 82 Fed. Cl. at 376 (quoting *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300) (internal quotation marks omitted).  Accordingly, a court should not grant a motion for reconsideration if the party seeking reconsideration merely proffers arguments that have been previously made and that the court has already duly considered.  *Ammex, Inc. v. United States,* 52 Fed. Cl. 555, 557 (2002).  Moreover, a party is not permitted in a motion for reconsideration to assert arguments that it did not previously raise, but could have.  *Oenga v. United States*, 97 Fed. Cl. 80, 83 (2011); *Four Rivers Invs., Inc. v. United States*, 78 Fed. Cl. 662, 664 (2007) ("RCFC 59 does not provide an occasion for a party 'to raise arguments that it could have raised previously, but did not.'" (quoting *Browning Ferris Indus., Inc. & Subsidiaries v. United States,* No. 05-738T, 2007 WL 1412087, at *1 (Fed. Cl. May 10, 2007))).

**II.    Discussion**

In his motion, plaintiff urges the Court to reconsider its decision based on three arguments.  First, plaintiff argues that Lieutenant Colonel ("Lt. Col.") Eric Wittmann had no authority to "return plaintiff to duty."  Pl.'s Mot. for Recons. 4–8.  Second, and with reference to his first argument, plaintiff contends that the Air Force returned him to duty without having considered documentation required under Air Force Instruction ("AFI") 48-123v2 (June 5,

---

[2] *See Wolfchild v. United States*, 101 Fed. Cl. 92, 94–96 (2011) (describing different standards for motions for reconsideration of interlocutory orders and final judgments).

2006).[3]  *Id.* at 7–8.  Third, plaintiff argues that Air Force Form 422[4] was improperly considered by the Court because it was not before the Air Force when it made its decision to separate plaintiff.  *Id.* at 8–10.  The Court will address each of these contentions in turn.

    A.  *Lt. Col. Wittmann's Authority as a Profile Officer*

  In his motion for reconsideration, plaintiff argues that Lt. Col. Wittmann "had no power to terminate [his] disability processing or to return him to duty."  Pl.'s Mot. for Recons. 6. Specifically, plaintiff argues that the "hierarchal structure of the military means that once the State Air Surgeon ('SAS') ordered [a Medical Evaluation Board ('MEB') proceeding] in [plaintiff's] case, Lt. Col. Wittmann, a subordinate officer to the SAS, could not overturn that decision."  *Id.*  Accordingly, plaintiff contends that, because Lt. Col. Wittmann was not authorized to act as he did, plaintiff should not have been returned to duty without having been evaluated at an MEB hearing.  *See id.*  This, plaintiff maintains, constitutes "manifest injustice" and, therefore, warrants reconsideration.  *Id.* at 3.

  In response, defendant argues that the issue of Lt. Col. Wittmann's authority was thoroughly considered by this Court in its Opinion and Order.  Def.'s Resp. in Opp'n of Pl.'s Mot. for Recons. 3 ("Def.'s Resp.").  To support its argument, defendant cites the portion of the Court's Opinion and Order in which the Court specifically addressed the authority of profile officers to update PULHES ratings.  *Id.* at 3–4 (citing *Robinson*, 2011 WL 4437715, at *5 n.6). In its discussion, the Court noted that "plaintiff concede[d] in his sur-reply brief [that] profile officers have the authority to find members fit for duty."  *Robinson*, 2011 WL 4437715, at *5 n.6.  In reply, plaintiff argues that his sur-reply brief may have been "unclear" because, when it was submitted, the Court did not have the benefit of the documentation of Lt. Col. Wittmann's action.  Pl.'s  Mot. for Recons. 6 n.2.

---

[3] All citations to AFI 48-123v2 in this Opinion and Order refer to the June 5, 2006 version, which was subsequently superseded on September 24, 2009.  *See* AFI 48-123v2 (Sept. 24, 2009). The September 2009 version of the instruction incorporates changes made through October 18, 2011.  *Id.*

[4] Air Force Form 422 is known as the "Physical Profile Serial Report," AFI 48-123v2 para. 4.1.3, or "Notification of Air Force Member's Qualification Status."  AFI 10-203 para. 1.3 (Oct. 25, 2007).  "When a member's health, safety and well being, mission safety or abilities to effectively accomplish the mission are at risk, providers must convey this information to the commander.  [Air Force] Form 422 is the means to accomplish this task."  AFI 48-123v2 para. 4.1.3.  Among other things, Air Force Form 422 contains a record of a member's PULHES ratings.  *See* Def.'s Notice of Filing Supplemental Docs. Ex. 1, attachment 1 (plaintiff's completed Air Force Form 422) (docket entry 32-1, July 12, 2011).

However, regardless of any alleged lack of clarity in plaintiff's sur-reply,[5] the Court found that, based on the administrative record and the relevant regulations,[6] Lt. Col. Wittmann, a profile officer, had the authority to update plaintiff's PULHES rating. *Robinson*, 2011 WL 4437715, at *5–6. The issue of Lt. Col. Wittmann's authority to act as he did has been thoroughly considered and decided. Reconsideration is unwarranted. *See Ammex, Inc.,* 52 Fed. Cl. at 557. Plaintiff has not demonstrated that the Court's adverse decision was based on an error of law or mistake of fact or that it resulted in manifest injustice to plaintiff. Therefore, the Court declines to reconsider the issue of Lt. Col. Wittmann's authority to act as he did, namely to update plaintiff's PULHES rating.[7]

---

[5] Although plaintiff contends that his sur-reply may have been unclear, it is not apparent how his representations or the regulations he cites could have been construed differently from the manner in which they were construed by the Court in its Opinion and Order. Plaintiff stated:

> Th[e] decision [concerning plaintiff's duty status] is reserved for profiling officers. AFI 10-203, "Duty Limiting Conditions," covers the issuance of profiles. Profiles are issued and reviewed by profiling officers. The regulation states:
>
>> "2.9.1. *Profile officers are appointed in writing by the medical unit Commander*.
>> 2.9.2. *Profile officers will be Flight Surgeons* credentialed in Flight Medicine (unless no Flight Surgeons are assigned). They will be familiar with this AFI as well as AFI 48-123 . . .
>> [ . . . . ]
>> 2.9.4. *Profile Officer performs final review and signs all Duty Limiting Conditions [Air Force] Forms 469 which include mobility restrictions.*" (emphasis added)
>
> This regulation shows that determinations about duty limitations and mobility restrictions are made by military doctors, not civilian healthcare providers.

Pl.'s Sur-Reply to Def.'s Reply in Supp. of Mot. to Dismiss 4 (docket entry 30, Apr. 19, 2011) (third alteration in original) (footnote omitted).

[6] The relevant regulations include AFI 48-123v2 paragraph 4.6.2, which provides that "[Air National Guard members] with a 4T profile incurred in the line of duty will be retained on military orders until the profile is resolved or the member is processed through the DES," as well as AFI 10-203 paragraphs 2.12.5–.6 (June 25, 2010). *See also* AFI 10-203 para. 2.9 (Oct. 25, 2007).

[7] Plaintiff argues that the Court found that Lt. Col. Wittmann "returned the plaintiff to duty." Pl.'s Mot for Recons. 4. In fact, Lt. Col. Wittmann, plaintiff's profile officer, only changed plaintiff's PULHES ratings to reflect plaintiff's new diagnosis and corresponding upper extremity rating of 1. *See Robinson*, 2011 WL 4437715, at *2; Def.'s Notice of Filing Supplemental Docs. Ex. 1, attachment 1.

### B.   *Documentation Required to Return Plaintiff to Duty*

In conjunction with his argument that Lt. Col. Wittmann did not have the authority to act as he did, plaintiff argues that the Air Force did not consider the documentation required for a proper decision concerning plaintiff's fitness for duty. Pl.'s Mot. for Recons. 7–8. To support his argument, plaintiff points to paragraph 5.16 of AFI 48-123v2 and contends that, among other items, a Narrative Summary should have been provided with plaintiff's records. *Id.*

In response, defendant contends that plaintiff's argument has previously been presented to and considered by the Court. One citation to plaintiff's briefs that defendant offers in support of its argument, however, concerns plaintiff's argument that the records and documentation discussed in AFI 41-210—not AFI 48-123v2 as he now argues—were not properly provided to or considered by the Air Force. *See* Def.'s Resp. 5 (citing Pl.'s Opp'n to Mot. to Dismiss or for J. on Administrative R. & Cross-Mot. for J. on Administrative R. 13–14 (docket entry 24, Feb. 26, 2011)).

More importantly, however, it is not appropriate for the Court to consider an argument plaintiff makes for the first time in his motion for reconsideration where the argument could have been made earlier during litigation on the merits. *Oenga*, 97 Fed. Cl. at 83. Additionally, in now making this argument, plaintiff does not identify any "intervening change in the controlling law," "newly discovered evidence," or "need to correct clear factual or legal error or prevent manifest injustice" that would warrant the Court's consideration at this stage. *Young*, 94 Fed. Cl. at 674. The AFI on which plaintiff now relies was in existence and available to Mr. Robinson when he submitted his briefs in connection with the parties' cross-motions for judgment on the administrative record.

### C.   *Consideration of Air Force Form 422*

In support of his motion for reconsideration, plaintiff argues that Air Force Form 422, which the Court relied upon in its Opinion and Order, *see Robinson*, 2011 WL 4437715, at *2, *5, was not part of the record considered by the Air Force when it terminated plaintiff's medical continuation status and, therefore, Form 422 was inappropriately considered by the Court. Pl.'s Mot. for Recons. 8–10.

#### 1.   The Court Has the Authority to Request and Consider Additional Documentation

Plaintiff is correct that, when the court is asked to rule on motions for judgment on the administrative record pursuant to RCFC 52.1, it must determine whether "a party has met its burden of proof based on the evidence *in the record*." *A & D Fire Prot., Inc. v. United States,* 72 Fed. Cl. 126, 131 (2006) (emphasis added) (citing *Bannum, Inc. v. United States,* 404 F.3d 1346, 1356 (Fed. Cir. 2005)). However, this does not entirely bar the court from considering evidence that may fall outside the administrative record in certain circumstances. *See Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006). For example, the administrative record may be supplemented when "the existing record is insufficient to permit meaningful review consistent with the [Administrative Procedure Act]." *Walls v. United States*, 582 F.3d 1358, 1367–68 (Fed.

Cir. 2009) (quoting *Axiom Res. Mgmt., Inc. v. United States,* 564 F.3d 1374, 1381 (Fed. Cir. 2009)) (internal quotation marks omitted).

In accordance with the foregoing authorities, on June 27, 2011, the Court *sua sponte* ordered the parties to supplement the administrative record with additional documents that it deemed essential to its decision. June 27, 2011 Order 1 (docket entry 31). That order was the result of the Court's "conclu[sion] that consideration of the documents in question [was] necessary to the Court's disposition of this case because 'the [existing] record [was] inadequate.'" *Id.* (third alteration in original) (quoting *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981)). In light of this finding, the Court properly sought to obtain documentation that would further illuminate the agency's decision to terminate plaintiff's medical continuation status.[8] *Id.* Accordingly, it was within the Court's authority to request additional documentation and to consider such documentation in light of the Court's finding that meaningful review was not possible without additional information and documentation. Therefore, plaintiff has not demonstrated an error of law or mistake of fact that would warrant reconsideration.

>    2.   The Court's Consideration of Air Force Form 422 Did Not Cause Manifest Injustice

In response to plaintiff's argument, defendant contends that, even if the Court was not entitled to consider Air Force Form 422, any such error did not rise to the level of "manifest injustice." Def.'s Resp. 7. The Court agrees with defendant's assessment. In moving for reconsideration, plaintiff bears the burden of proving that there exists "a need to correct clear factual or legal error or prevent manifest injustice." *Young*, 94 Fed. Cl. at 674. As noted above, manifest injustice is "injustice that is apparent almost to the point of being indisputable." *Bowling*, 93 Fed. Cl. at 562 (quoting *Pac. Gas & Elec. Co.*, 74 Fed. Cl. at 785) (internal quotation marks omitted).

---

[8] Air Force Form 422, dated September 10, 2008, was submitted in response to the Court's June 27, 2011 Order and contains information regarding plaintiff's updated PULHES ratings. Def.'s Notice of Filing Supplemental Docs. Ex. 1, attachment 1. The form was provided in response to two of the Court's specific requests for documents, namely for documents (1) regarding any changes "[i]n the event that the flight surgeon updated or submitted advice on plaintiff's profile prior to the expiration of plaintiff's orders" and (2) "identifying which Physical Profile Serial Report . . . contains the controlling expiration date for plaintiff's profile." June 27, 2011 Order 2. The form itself, and the documents in the administrative record to which the Court's requests refer, are all dated September 10, 2008, the date on which the Air Force decided not to extend plaintiff's medical continuation status. In light of that and the Court's conclusion that meaningful judicial review was not possible absent additional information, the Court reasonably considered Air Force Form 422 and related contemporaneous documents in evaluating plaintiff's claims.

Here, it is evident that Mr. Robinson's profile officer properly updated his PULHES ratings to reflect plaintiff's fitness for duty on the date the Air Force decided to terminate plaintiff's medical continuation status. As defendant points out, members who are fit for duty cannot be placed on medical continuation status. Def.'s Resp. 7 (citing AFI 48-123v2 para. 4.6.2; Dep't of Defense Instruction 1241.3 para. 6.3.3.1 (May 30, 2001)). Accordingly, even if Air Force Form 422 was not immediately before the Air Force on September 10, 2008 when it made the decision to terminate plaintiff's medical continuation status, the form was updated on that date, and the updated form evidenced plaintiff's fitness for duty. As such, Mr. Robinson was no longer eligible for medical continuation status as of September 10, 2008 regardless of whether the Air Force relied on Form 422 when it made its determination. *See* AFI 48-123v2 para. 4.6.2. Accordingly, even if the Court were not entitled to consider Air Force Form 422, such consideration could not have risen to the level of manifest injustice because plaintiff's profile had been resolved and he was, in fact, no longer eligible for medical continuation status. *See id.*

## CONCLUSION

In view of the foregoing, the Court **DENIES** plaintiff's motion for reconsideration of the Court's Opinion and Order filed September 23, 2011.

**IT IS SO ORDERED.**

 s/ George W. Miller
GEORGE W. MILLER
Judge